**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jamian PEARCE, Defendant–Appellant.**

No. 09–2052.

United States Court of Appeals, Sixth Circuit.

Dec. 7, 2010.

Before: COLE and WHITE, Circuit Judges; and O'MEARA, Senior District Judge.*

* The Honorable John Corbett O'Meara, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

## OPINION

PER CURIAM.

Defendant–Appellant Jamian Pearce pleaded guilty to conspiracy to possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1), a charge which carries a statutory minimum sentence of one hundred and twenty-one months' incarceration. Pearce nonetheless received a sentence twenty-four months *below* the statutory minimum because the government moved for a reduction for substantial assistance under U.S. Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G.") § 5K1.1 and 18 U.S.C. § 3553(e) and the district court exercised its discretion to impose a sentence below the statutory minimum on that basis.

On appeal, Pearce argues that the district court erred by failing to understand its authority under *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and *Spears v. United States*, 555 U.S. 261, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009) to impose a still-lower sentence based on a policy disagreement with the crack cocaine guidelines. But the record makes clear that the district court understood the scope of its sentencing discretion perfectly well. In rejecting Pearce's *Kimbrough/Spears* argument at sentencing the district court said:

> The Court hears [defendant's] argument on the crack-to-powder ratio ... but the Court does not accept that and is not willing to vary downward based on any personal policy disagreement with the guidelines or the ratio on crack to powder in particular.
>
> . . . .
>
> I want to differentiate two arguments that are merged here. The first is that the law is changing. It may be. It could well be. And if it does, I will look to whatever the new law is and whatever retroactive application it has, just as we've done with the last round of retroactive applications. And I think that's the only way to treat that. It would be, I think, wrong for the Court to try to draw conclusions about where the law is going based on what's in the mix today.
>
> . . . .
>
> Now, that's a different issue than whether the Court should exercise the discretion it has under *Gall* and *Kimbrough* .... to make a personal-policy-based disagreement. I'm not willing to do that. I'm not willing to do that ... because I don't feel like I have the personal basis, honestly, to do that, and also in this case in particular I think it would be inappropriate to do that where some of the earlier offenders in this mix ... were sentenced before the administration changed and before the administration made its current statements about its policy goals and desires. It would introduce disparity within the very group of people that were dealing together. . . .
>
> In th[is] kind of case, it seems to me, the best course is to let the law take its normal course, and if it changes, it benefits all of these defendants, or it burdens them as the case may be as a class as Congress later defines it, but the Court is unwilling to make a personal-policy-based change on the record in front of me.

(Sentencing Hr'g Tr., Dist. Ct. Docket No. 55, at 21, 23–24.) The district court knew it had the power categorically to reject the crack cocaine guidelines based on a policy disagreement with them. That the district court decided not to use that power is not grounds for remand on appeal. *See United States v. Santillana*, 540 F.3d 428, 431 (6th Cir.2008) ("[W]e do not review a district court's decision not to depart downward unless the record shows that the district court was unaware of, or did not

understand, its discretion to make such a departure.").

This analysis disposes of the issues raised by the parties, but there is a more basic flaw in Pearce's challenge that merits discussion. *Kimbrough, Spears* and, indeed, *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), are of no use to defendants subject to a statutory minimum sentence. *See United States v. Whitehead,* 415 F.3d 583, 590 (6th Cir.2005) (*Booker* is inapplicable where a defendant is subject to a statutory minimum sentence); *see also United States v. Franklin,* 499 F.3d 578, 584 (6th Cir.2007) (a district court is prohibited from reducing "a mandatory minimum sentence through § 3553(a)"); *United States v. Lockett,* 359 Fed.Appx. 598, 611 (6th Cir. 2009) ("*Kimbrough* itself held that ... [a district court] remains constrained by the mandatory minimums Congress prescribed." (citations and internal quotation marks omitted)). In varying downward from a statutory minimum a district court may consider very limited criteria. The departure "must be based solely upon the substantial assistance rendered by the defendant ... only factors relating to a defendant's cooperation may influence the *extent* of a departure." *United States v. Bullard,* 390 F.3d 413, 416–17 (6th Cir. 2004) (internal quotation marks omitted); *see also United States v. Hameed,* 614 F.3d 259, 269 (noting that the crack cocaine guidelines were not relevant to the value of the defendant's cooperation.)

We **AFFIRM.**